**EXHIBIT A**

| Term | Plaintiff's Proposed Construction And Evidence | Defendants' Proposed Construction And Evidence[1] |
|---|---|---|
| "venue specific application program" ('729 Patent, claim 1);<br><br>"venue-specific application" ('414 Patent, claims 1, 2, 8, 10, 11, 19);<br><br>"venue-specific application" ('224 Patent, claims 10, 16, 25) | an application program that is specifically configured for a venue, but may apply to more than one location<br><br>**Evidence**[2]<br><br>'729 Patent, claims<br>'244 Patent, claims<br>'414 Patent, claims<br><br>'729 Patent, Figs. 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13; 1:17–3:16, 3:54–7:52, 8:38–10:27, 11:25–12:28, 15:51–20:18, 20:62–22:64, 23:9–25:9.[3]<br><br>TIARE_TX-00000050–299.<br><br>Microsoft Computer Dictionary (5th Ed.)<br><br>Preliminary Constructions in *Tiare Technology, Inc. v. Bed Bath & Beyond*, No. 2:21-CV-00301-JRG-RSP (E.D. Tex. Mar. 11, 2022) (TIARE_TX-00013374-TIARE_TX-00013374)<br><br>Hearing Transcript in *Tiare Technology, Inc. v. Bed Bath & Beyond*, No. 2:21-CV-00301-JRG-RSP (E.D. Tex. Mar. 11, 2022) (TIARE_TX-00013375-TIARE_TX-00013411) | application configured specifically for use within a particular venue<br><br>**Evidence**<br><br>'729 Patent: Abstract; 1:25-57; 2:21-55; 2:66-3:14; 3:54-4:28; 6:13-51; 7:22-42; 9:1-9; 15:51-16:58; Figs. 1-13; Claim 1;<br><br>'414 Patent: Abstract; 1:25-58; 2:22-56; 3:1-16; 3:58-4:32; 6:19-58; 7:30-51; 9:11-19; 16:5-17:12; Figs. 1-13; Claims 1, 2, 8, 10, 11, 19;<br><br>'224 Patent: Abstract; 1:27-60; 2:24-56; 3:1-16; 3:58-4:32; 6:19-58; 7:30-51; 9:11-19; 16:5-17:12; Figs. 1-13; Claims 10, 16, 25;<br><br>The evidence cited in 8/6/25 Baranowski Declaration concerning this term;<br><br>The prior art cited in Defendants' LPR 3-3 Invalidity Contentions;<br><br>Expert deposition of Robert Baranowski, including 8/6/25 Baranowski Declaration. Pursuant to Local Patent Rule 4-2(b), Mr. Baranowski is expected to testify as an expert that Defendants' proposed construction is correct in view of the intrinsic evidence (including the asserted patents and their prosecution histories), extrinsic evidence (e.g., the state of the art), and the perspective of a POSITA; |

---

[1] Home Depot reserves the right to cite to and rely upon the evidence cited by Tiare herein.
[2] Tiare reserves the right to cite to and rely upon the evidence cited by Home Depot herein.
[3] For simplicity, Tiare cites to the '729 Patent here for common specification cites.

**EXHIBIT A**

| Term | Plaintiff's Proposed Construction And Evidence | Defendants' Proposed Construction And Evidence[1] |
|---|---|---|
| | | U.S. Patent No. 6,813,608 (THD-Tiare-0000009-THD-Tiare-0000028). |
| "vicinity"<br><br>"within a vicinity of the venue"<br><br>"within the vicinity of the venue"<br><br>('729 Patent, claims 1, 6, 14-15) | No construction necessary. Plain and ordinary meaning. Not indefinite.<br><br>**Evidence**<br><br>Same as "venue specific application program," "venue-specific application," and "venue-specific application."<br><br>'729 Patent, Abstract, 1:47–57.<br><br>TIARE_TX-00001020–21, 1024–1025, 1070–1071, 1074–1075, 1352–1355, 1402–1404, 1452–1454 (and Hemblad and Showghi references cited therein)<br><br>The testimony given during Mr. Baranowski's forthcoming deposition | Indefinite<br><br>**Evidence**<br><br>'729 Patent: Abstract, 1:37-55; 3:1-7; 3:56-67; 4:15-28; 5:6-24; 6:6-12; 6:59-7:21; 9:10-25; 10:28-39; 13:56-63; 14:57-15:12; 16:13-19; 21:6-56; 22:29-35; 23:15-22; Figs. 1-13; Claims 1, 6, 14-15;<br><br>The evidence cited in 8/6/25 Baranowski Declaration concerning this term;<br><br>The prior art cited in Defendants' LPR 3-3 Invalidity Contentions;<br><br>Expert deposition of Robert Baranowski including 8/6/25 Baranowski Declaration. Pursuant to Local Patent Rule 4-2(b), Mr. Baranowski is expected to testify as an expert that this term is indefinite because a POSITA would not have understood its scope with reasonable certainty;<br><br>U.S. Patent No. 6,813,608 (THD-Tiare-0000009-THD-Tiare-0000028). |
| Preamble: "A computer-implemented method executed by one or more processors | Not limiting. To the extent it is found to be limiting, then no construction is necessary, and it should be accorded its plain and ordinary meaning.<br><br>**Evidence** | Limiting<br><br>**Evidence**<br><br>'414 Patent: 8:48-65; 9:11-19; 9:63-10:2; 10:18-27; 10:39-51; 12:45-55; 13:3-7; 13:52-14:28; 14:60-63; 20:66-21:2; 21:22-32; 22:6-16; 23:12-20; 24:7-18; |

**EXHIBIT A**

| Term | Plaintiff's Proposed Construction And Evidence | Defendants' Proposed Construction And Evidence[1] |
|---|---|---|
| of a first mobile computing device, the method comprising:"<br><br>Preamble: "A computer-implemented method executed by one or more processors, the method comprising:"<br><br>('414 Patent, claims 1, 8) | '414 Patent, claims, and specification including Abstract, Figs. 1–13, 1:37–40, 2:13–17, 3:3–16, 4:58–65, 5:22–38, 5:55–64, 6:19–39, 9:11–35 9:63–10:2, 11:45–12:18, 14:53–63, 15:9–32, 16:5–23, 18:19–24, 18:56–19:15, 19:37–46, 20:19–25, 20:31–34, 20:45–21:2, 21:40–61, 22:6–16, 22:32–37, 22:48–52, 23:13–20, 23:29–39, 24:7–13, 24:41–53, 25:1–24, and 25:44–52.<br><br>The testimony given during Mr. Baranowski's forthcoming deposition | 24:41-53; 24:65-68; 25:21-37; Figs. 1-13; Claims 1 and 8;<br><br>The prior art cited in Defendants' LPR 3-3 Invalidity Contentions;<br><br>Preliminary Constructions & Claim Construction Hearing Transcript, Dkt. 73, from *Tiare v. Bed Bath & Beyond,* No. 2:21-cv-00301-JRG-RSP (E.D. Tex. Mar. 11, 2022);<br><br>Joint Claim Construction and Prehearing Statement, Dkt. 31, at 1, from *Tiare v. Freddy's*, No. 2:22-cv-00046-JRG-RSP (E.D. Tex. filed Jan. 27, 2023);<br><br>Tiare's Opening Claim Construction Brief, Dkt. 167, at 2 n.3, from *Tiare v. Dine Brands Global*, No. 2:22-cv-00490-JRG-RSP (E.D. Tex. filed Mar. 21, 2024). |
| Preamble: "A system for locating electronic devices, the system comprising one or more processors and one or more data stores coupled to the one or more processors having instructions stored thereon which, when executed by the one or more processors, | Not limiting.  To the extent it is found to be limiting, then no construction is necessary, and it should be accorded its plain and ordinary meaning.<br><br>**Evidence**<br><br>'224 Patent, claims, and specification, including Abstract, Figs. 1–13, 1:39–42, 2:14–19, 3:13–16, 4:18–32, 5:31–38, 5:56–67, 6:36–58, 9:63–10:2, 11:45–62, 12:15–18, 14:53–59, 15:9–32, 16:5–17, 19:6–14, 19:37–55, 20:19–34, 20:45–21:2, 21:22–32, 21:41–61, 23:12–20, 24:7–18, 24:41–53, 25:9–24, and 25:44–52. | Limiting<br><br>**Evidence**<br><br>'224 Patent: Col. 1:27-42; 2:40-57; 3:1-16; 3:58-4:17; 6:19-46; 7:30-51; 8:41-65; 9:11-19; 10:18-38; 12:19-27; 12:56-13:2; 13:3-7; 13:27-37; 15:48-64; 21:10-21; Figs. 1-13; Claim 10;<br><br>The prior art cited in Defendants' LPR 3-3 Invalidity Contentions;<br><br>Preliminary Constructions & Claim Construction Hearing Transcript, Dkt. 73, from *Tiare v. Bed Bath & Beyond,* No. 2:21-cv-00301-JRG-RSP (E.D. Tex. Mar. 11, 2022); |

3

**EXHIBIT A**

| Term | Plaintiff's Proposed Construction And Evidence | Defendants' Proposed Construction And Evidence[1] |
|---|---|---|
| causes the one or more processors to perform operations comprising:"<br><br>('224 Patent, claim 10) | The testimony given during Mr. Baranowski's forthcoming deposition | Tiare's Opening Claim Construction Brief, Dkt. 167, at 2 n.3, from *Tiare v. Dine Brands Global*, No. 2:22-cv-00490-JRG-RSP (E.D. Tex. filed Mar. 21, 2024). |
| "automatically updated"<br><br>('729 Patent, claim 6) | No construction necessary. Plain and ordinary meaning.<br><br>**Evidence**<br><br>'729 Patent, claims and specification, including Abstract, Figs. 1–4, 9–13, 3:11–14, 4:58–65, 5:25–32, 5:50–53, 9:52–58, 11:32–48, 11:61–12:4, 14:34–40, 14:57–15:12, 17:11–16, 21:57–61, 19:12–30, 19:60–20:8, 20:19–42, 21:25–35, 22:41–48, 22:49–56, 23:43–54, 24:9–21, 24:54–57.<br><br>The testimony given during Mr. Baranowski's forthcoming deposition | automatically calculated<br><br>**Evidence**<br><br>'729 Patent: Col. 15:4-12; 20:34-42; 21:25-35; Figs. 1-13; Claim 6;<br><br>The evidence cited in 8/6/25 Baranowski Declaration concerning this term;<br><br>The prior art cited in Defendants' LPR 3-3 Invalidity Contentions;<br><br>Expert deposition of Robert Baranowski, including 8/6/25 Baranowski Declaration. Pursuant to Local Patent Rule 4-2(b), Mr. Baranowski is expected to testify as an expert that Defendants' proposed construction is correct in view of the intrinsic evidence (including the asserted patents and their prosecution histories), extrinsic evidence (e.g., the state of the art), and the perspective of a POSITA;<br><br>U.S. Patent No. 6,813,608 (THD-Tiare-0000009-THD-Tiare-0000028). |