# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TIARE TECHNOLOGY, INC., § § *Plaintiff,* § § v. § § THE HOME DEPOT, INC., HOME DEPOT PRODUCT AUTHORITY, LLC, and HOME DEPOT U.S.A., INC., § § § § *Defendants.* | Civil Action No. 2:24-cv- 00476-JRG-RSP  JURY TRIAL DEMANDED |

## TIARE TECHNOLOGY, INC'S REPLY CLAIM CONSTRUCTION BRIEF

I.   INTRODUCTION

Home Depot's construction for the term "venue-specific application" limits the claims to an application that can only be used in a single location. The claims, the specification, and even Home Depot's own expert show that this construction is incorrect.

The term "vicinity" is not indefinite. The term is understood with reference to the specification. Home Depot's expert testimony confirms this.

Finally, Home Depot provides no good reason to believe that "update" means "calculate," and, instead, it relies on its own misguided conclusory statements.

II.   ARGUMENT

A.   The "Venue-Specific Application" Terms

1.   Home Depot Attempts to Import a Limitation from the Specification

To reach its conclusion that a "venue-specific application" can only be used within a single venue at one particular location, Home Depot "read[s] a limitation from the written description into the claims[.]" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1320 (Fed. Cir. 2005) (en banc) (quoting *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1340 (Fed. Cir. 2001)). Home Depot misinterprets an embodiment that covers an application being used within a single "resort[.]" Resp. at 5–6. Even if its interpretation were correct, an exemplary embodiment generally should not limit the claims.[1]

Home Depot relies on the (nonprecedential) Federal Circuit decision *Barrday, Inc. v. Lincoln Fabrics Inc.*, No. 2022-1903, 2023 WL 7871688 (Fed. Cir. Nov. 16, 2023). *See* Resp. at 7. In *Barrday*, the asserted patents covered certain woven fabrics, and the question was whether

---

[1] The Court recognized and questioned Bed Bath & Beyond this same issue, which was also implicated by its claim construction arguments. *See* Ex. I, *Bed Bath & Beyond Markman Hearing Transcript* at 20:11–21:3 and 25:20–26:17.

1

the claim term "securing yarns" should exclude "upper or lower layer warp or weft yarns." *See Barrday*, 2023 WL 7871688 at *3. The Federal Circuit found that it should be excluded by relying largely on two facts not present here. First, the specification repeatedly characterized the claim term in question as excluding "upper or lower layer warp or weft yarns." *See id*. at 9. Second, the specification expressly criticized the inclusion of these sorts of yarns, e.g., "*the yarns of one layer are not interwoven with the yarns of another layer . . . .*" *Id*. at 10 (emphasis in original).

Here, in contrast, "venue-specific application" is not discussed, much less defined, in the specification, as Home Depot concedes. *See* Resp. at 6. And rather than criticize, the specification confirms that the application can be used at multiple locations and multiple venues. *See* Op. Br. at 11–12. The specification discusses certain networks, such as a wide area network, that can encompass disparate locations. *See* Dkt. No. 57-3 (Ex. B, '729 Patent) at 13:60–63. The specification affirms that "patron service system 100 may be used in *various other venues* . . . ." Ex. B, '729 Patent at 3:67–4:1 (emphasis added). Home Depot's attempt to reconcile its position with these passages strains credulity; it suggests that the application can be used in different locations and/or venues if it is "reconfigured." In other words, if it becomes a different application. *See* Resp. at 7. Reconfiguration is not mentioned anywhere in the patent.

### 2. Home Depot Misinterprets the Claims

Home Depot cites, but provides no explanation for how, the claim language "can be used during the at least one patron's visit *to the venue*" supports its construction. *See* Resp. at 7 (emphasis in original). This language simply states that the application can used at the venue. Guessing at how Home Depot believes this language supports its contention, perhaps Home Depot relies on the words "the venue." But the antecedent basis for that term is "a [one or more] venue[s]"; an issue Tiare addressed in its Opening Brief and Home Depot ignores, despite its

charge to the contrary. *See* Op. Br. at 10. Home Depot provides no meaningful analysis to conclude that the claims support a construction that the application must be configured for use within only one venue or location, much less reconfigured for use in another venue or location.

Home Depot's statement that "[m]apping clearly varies from region to region, making clear that the application must be specific to a particular venue in question" is difficult to comprehend.[2] *See* Resp. at 8. Whatever Home Depot means by mapping varying from region to region, it says nothing about whether a single application can be used in more than one location or more than one venue. Home Depot is correct that the claim language "does not support using [only] the *identical* venue-specific application for ordering across multiple venues." *Id.* The claim language is broader and supports using an identical application (the same application) or multiple applications. The claims confirm this. Claim 1 of the '224 Patent recites "a [one or more] venue-specific application." Claim 20 recites "the venue-specific application is associated with a plurality of venues." It follows that the venue specific application may be a single application or multiple applications and the one or more applications may be associated with more than one venue.

To argue to the contrary, Home Depot resorts to contortions. It argues, on one hand, that it is not excluding an application that is "associated with a plurality of venues" but, on the other, it argues that that application can only be used within a particular venue at a particular location. *See* Resp. at 9–10. Home Depot is thus left with this circle it must square: How then can this one application be associated with different venues? Home Depot's answer is an Orwellian use of

---

[2] Perhaps Home Depot's discussion on claim 8 of the '414 Patent is a recasting or a remnant of its abandoned enablement-type argument found in Mr. Baranowski's declaration. *See* Op. Br. at 12–14. Home Depot, apparently, believes that mapping necessitates the use of multiple applications. But this sort of belief about the capabilities of the relevant technology is irrelevant to the claim construction analysis. *See Sebela Int'l Ltd. v. Actavis Lab'ys FL, Inc.*, No. 15-5308, 2016 WL 6871237, at *8 (D.N.J. Nov. 21, 2016) ("This construction improperly limits the scope of the claim to dosage forms that were in fact being made and used at the time of filing.").

language: "the [singular noun] venue-specific application" *cannot* be one but *must* be at least two applications—an original application and reconfiguration of that application. *See id.* This ungrammatical construction, with no intrinsic support nor tether to practical reality, should be rejected. *See Bioverativ Inc. v. CSL Behring LLC*, No. 1:17-CV-00914-RGA, 2019 WL 1276030, at *3 n.1 (D. Del. Mar. 20, 2019) ("Claim constructions that do not make sense are generally disfavored."); *Astra Aktiebolag v. Andrx Pharms., Inc.*, 222 F. Supp. 2d 423, 471 (S.D.N.Y. 2002), *aff'd sub nom. In re Omeprazole Pat. Litig.*, 84 F. App'x 76 (Fed. Cir. 2003) ("The court must construe the patent terms practically.").

Further, "associated" is a broad term that includes, *e.g.*, being used within a venue or being configured for a venue. *See PalmTop Prods., Inc. v. Lo-Q PLC*, 450 F. Supp. 2d 1344, 1357 (N.D. Ga. 2006) (finding "that the ordinary meaning of 'associated with at least one patron' is 'in an identifiable relationship with at least one patron"). Thus, it naturally follows that a single application can, for example, be "associated" with a "plurality of venues" by virtue of the fact that it is configured to be used within each of those multiple venues. Home Depot's cited authority—*ViaTech Techs. Inc. v. Microsoft Corp.*, 733 F. App.'x 542 (Fed. Cir. 2018)—actually undermines its position. There, the Federal Circuit found that "the district court erred in translating [the] 'associated with' claim language in an *overly narrow* manner." *Id.* at 549 (emphasis added).

3. **Home Depot Is Wrong that Claim Language Is Rendered Superfluous**

Home Depot's superfluous-language argument is premised on the word "venue" being the same as the word "location." Resp. at 10–11.[3] This is not the case, and Tiare has not argued otherwise. A "venue" must have a "location," but not all "locations" must be "venues." This is one of the points of Tiare's argument concerning claims 20 and 25 of the '244 Patent. If the

---

[3] Home Depot makes effectively the same flawed argument at page 8 of its Response.

4

invention covers an application that is "associated with a plurality of venues[,]" it logically follows that the application must be capable of being "associated with" multiple, different locations. It is untenable to say that a "plurality of venues" all occupy precisely the same location. *See, e.g.*, Ex. D, '244 Patent at claim 22 ("the plurality of venues comprises a plurality of retail locations").

### 4. The Dependent Claims Should Not Be Disregarded

Home Depot is incorrect in its belief that dependent claims 20 and 25 of the '244 Patent may be disregarded in light of the time at which they were filed. *See* Resp. at 11–12. As already explained (*supra* at SEC. III.A.1), this case is distinguishable from *Barrday*. And for these same reasons—that far from explicitly ruling out Tiare's proposed construction, the specification supports it—the other authority cited by Home Depot is inapposite. *See Cave Consulting Grp., LLC v. OptumInsight, Inc.*, 725 F. App'x 988, 994 (Fed. Cir. 2018) (nonprecedential) (excluding "direct standardization" from a claim term when the "specification affirmatively limit[ed] its method to one that uses one particular technique, namely, indirect standardization"); *Barkan Wireless Access Techs., L.P. v. Cellco P'ship*, 748 F. App'x 987, 992 (Fed. Cir. 2018) (nonprecedential) (concluding "Access Point" excluded cellular technology when the only mention of that technology in the specification was when it was distinguished from the invention in the "Background Art" section). Those cases involved specifications replete with clear contradictory evidence. The opposite situation is found here. *See, e.g.*, Ex. B, '729 Patent at 3:65–4:6.

### B.   "Vicinity"

Home Depot fails in its burden to prove indefiniteness. First, Home Depot attempts to simplify an indefiniteness analysis to a sheer counting of expert testimony, relying heavily on the fact that Tiare did not submit an expert declaration. *See* Resp. at 13–14. This is wrong for multiple

5

reasons.  It misunderstands the clear-and-convincing-evidence burden Home Depot must carry: "Under the law set by Congress, a . . . court may reach a conclusion that a patent remains valid *solely* on the failure of the patent challenger's evidence to convincingly establish the contrary." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1570 (Fed. Cir. 1986) (emphasis in original).  Further, Mr. Baranowski's testimony was rebutted, thoroughly.  *See* Op. Br. at 20–22.  It is contradicted by the language of the claims and the specification—intrinsic evidence that demands *more* weight—along with Mr. Baranowski's own testimony, meaning expert testimony supportive of Tiare's position has been proffered.  *See id.*  Finally, much less than being decisive, Mr. Baranowski's declaration should be discounted.  *See SkinMedica, Inc. v. Histogen Inc.*, 727 F.3d 1187, 1210 (Fed. Cir. 2013) (giving no weight to expert testimony that conflicted "with the plain language of the specification"); *Astra*, 222 F. Supp. 2d at 471 n.31 (not crediting an expert opinion that "was contrary to common sense").

The question at hand—determining if a "vicinity" of a "venue" is sufficiently definite—does not implicate (or even approach) a complex analysis requiring arcane mathematical or scientific knowledge.  These are simple words that are defined through simple concepts, *e.g.*, understanding that 400 feet of network coverage is larger than a 300-foot "venue[.]"  This, alone, renders Mr. Baranowski's testimony on this issue unhelpful.  *See Refac Int'l Ltd. v. IBM*, 689 F. Supp. 422, 429 (D.N.J. 1988), *aff'd sub nom. Refac Int'l, Ltd. v. IBM Corp.*, 891 F.2d 299 (Fed. Cir. 1989) (observing that, in interpreting patent claims, if the subject matter is not "complex and is easily understandable[,]" then "expert testimony is of little help").

This is especially true since Mr. Baranowski's opinions reflect a misapplication of the standard related to indefiniteness.  Namely, Mr. Baranowski (and Home Depot) recognize the use of the "wireless hubs" in determining "vicinity[,]" but find them insufficient because the

6

specification does not explain their exact placements. *See* Resp. at 13–14. This assumes a standard that is much more exacting than the actual one. *See Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-CV-1455-WCB, 2016 WL 7210837, at *15 (E.D. Tex. Dec. 13, 2016) (Bryson, J., sitting by designation) ("[I]t is often permissible to include [words of degree] even if they cannot be defined with specificity[.]").

Second, Home Depot's critique of using the specification's disclosures of networks to help define "vicinity" is flawed because it examines these disclosures in a vacuum. *See* Resp. at 14–15. The totality of the objective guidance provided by the intrinsic record should be examined—not particular types of guidance in isolation. For instance, the extent of the network *in conjunction with* knowledge of the types of services that will need to be provided to patrons is one means of providing sufficient definition to the term "vicinity[.]" *See* Op. Br. 17–19.

Third, Home Depot takes issue with the two particular examples, a beach and a ski slope, used by Tiare to show where services may be provided. Home Depot believes that the specification does not contemplate that these specific areas could be outside of the "venue[.]" *See* Resp. at 14. But this is incorrect. Passages cited by Tiare intentionally do not limit themselves to the property lines of a venue; for instance, one passage uses the expansive term "*associated* with resort 101." Ex. B, '729 Patent at 4:15–18 (emphasis added); *see also id*. at 4:22–26 ("other various locations").

Finally, Home Depot does not attempt to counter the fact that the USPTO used the term "vicinity" and found that other references met it. *See* Op. Br. at 19.

### C. "Automatically Updated"

Home Depot has failed to show that "update" means "calculate[.]". *See* Resp. at 17–19. First, it cites portions of the specification that identify determining the location of the portable

7

patron unit, but these cannot be read into claim 6 of the '729 Patent as limitations. *See Phillips*, 415 F.3d at 1320.

Second, there is a critical gap in Home Depot's (misguided) logic. It never explains how it gets from "determine" to "calculate." It simply places the latter in a parenthetical next to the former. Resp. at 18.

Third, *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.* is inapposite. 442 F.3d 1322 (Fed. Cir. 2006).[4] In that case, each of the claims at issue "contains distinctions[,]" namely, "claim 1 features the gap in at least part of an annular shape; claim 15 makes the gap itself annular; claim 18 has no annular requirement." *Id*. at 1328. Here, in contrast, there is consistency in how "update" is used. In each of the claims Home Depot points to, this verb is acting upon the same set of nouns: "status of the patron order" and the "current location of the wireless patron unit." Ex. B, '729 Patent at claims 1 (25:36–37), 19 (26:64–65), and 20 (27:26–27). This uniformity in treatment supports, as opposed to defeats, the relevant presumption. *See* Op. Br. at 23.

Finally, Home Depot provides no basis for believing that claim 1 and claim 6 cannot cover the situation of a patron's current location being updated via a portable staff unit's display screen. In *ScriptPro LLC v. Innovation Associates, Inc.*, the accused infringer was arguing that claims were invalid for lack of written description because the claims did not contain a limitation mandated by the specification; an argument the Federal Circuit rejected. 833 F.3d 1336, 1342 (Fed. Cir. 2016). It does not stand for the (incorrect) proposition that a construction which excludes a described embodiment from certain claims should be favored. *See Vitronics Corp. v.*

---

[4] Home Depot wrongly represents that the holding in *Wilson Sporting Goods* is the holding in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315 (Fed. Cir. 2016).

8

*Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) ("[A]n interpretation [that excludes a preferred embodiment] is rarely, if ever, correct . . . .").

## IV.  CONCLUSION

For the foregoing reasons, Tiare requests that the Court reject Home Depot's proposed constructions.

|  |  |
|---|---|
| Dated: October 3, 2025 | By: /s/ William E. Davis, III<br>William E. Davis, III<br>Texas State Bar No. 24047416<br>bdavis@davisfirm.com<br><br>Ty Wilson<br>Texas State Bar No. 24106583<br>twilson@davisfirm.com<br><br>**THE DAVIS FIRM PC**<br>213 N. Fredonia Street, Suite 230<br>Longview, Texas 75601<br>Telephone: (903) 230-9090<br>Facsimile: (903) 230-9661<br><br>**Attorneys for Plaintiff**<br>**Tiare Technology, Inc.** |

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document and all attachments thereto is being served on this October 3, 2025, via e-mail on all counsel of record, eachof whom is deemed to have consented to electronic service per Local Rule CV-5(a)(3).

/s/ William E. Davis, III
William E. Davis, III